UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**WILLIAM THOMAS,**

      **Plaintiff,**

  v.                            CASE NO.:

**WALMART INC.,**

      **Defendant.**

## DEFENDANT'S NOTICE OF REMOVAL

Defendant, Walmart Inc., by and through its undersigned attorneys, pursuant to 28 U.S.C. § 1441, hereby removes this action from the Circuit Court of the Fifth Judicial Circuit in and for Marion County, Florida, to the United States District Court for the Middle District of Florida, Ocala Division, and in support of such removal states:

1. Plaintiff commenced this civil action in the Fifth Judicial Circuit in and for Marion County, Florida, Case No. 2019-CA-01727, on July 31, 2019, by filing a Complaint against Defendant alleging age discrimination in violation of the Florida Civil Rights Act, Fla. Stat. § 760.01 *et seq*. The Complaint was served upon Defendant's Registered Agent on August 20, 2019. (*See* Summons and Complaint included in *Exhibit A* attached hereto.)

2. This Notice is timely filed within thirty days of service of the Complaint.

3. The events alleged by Plaintiff giving rise to this claim allegedly occurred in Marion County, Florida. (*See* Plaintiff's Complaint at Paragraph 4). Thus, venue properly lies in the United States District Court for the Middle District of Florida, Ocala Division.

4. Under 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served on Defendant are attached hereto as composite *Exhibit A*.

5.  Under 28 U.S.C. § 1446(d), written notice of the filing of this Notice will be served on Plaintiff, the only adverse party, and a copy of this Notice will also be filed with the Fifth Judicial Circuit in and for Marion County, Florida, a copy of which is attached hereto as *Exhibit B*.

## Diversity Jurisdiction

6.  This action is removable to federal court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).  This Court has original jurisdiction over this civil action because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and there is a complete diversity of citizenship between Plaintiff and Defendant.

Amount in Controversy Exceeds $75,000.00

7.  Plaintiff seeks an unspecified amount of actual and other damages provided for by the Florida Civil Rights Act. (*See* "Wherefore" Paragraph following Paragraph 22 of the Complaint).  In determining whether there is greater than $75,000.00 in controversy, "[t]he appropriate measure is the litigation value of the case assuming that the allegations of the complaint are true and assuming a jury returns a verdict for the plaintiff on all claims made in the complaint."  *Jackson v. American Bankers Ins. Co.*, 976 F. Supp. 1450, 1454 (S.D. Ala. 1997); *see also Abner v. United States Pipe & Foundry Co.,* 2017 U.S. Dist. LEXIS 19058, *18 (N.D. Ala. Feb. 10, 2017).  "When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement."  *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001).  Moreover, the focus at the time of removal is the amount alleged to be in controversy in the case, not how much the plaintiff is actually likely to recover from the litigation.  *See Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744 (11th Cir. 2010).

8. A review of Plaintiff's Complaint demonstrates the amount in controversy in actuality exceeds $75,000.00, exclusive of interest and costs. Plaintiff's prayer for relief includes a claim for back pay. (*See* "Wherefore" Paragraph following Paragraph 22 of the Complaint). Plaintiff's annual salary as a Pharmacist at the time of his termination was $125,555.82, exclusive of his benefit package. (*See* Declaration of Stephen Lytle, Health and Wellness Market Human Resources Manager, attached hereto as *Exhibit C*, at Paragraph 2). Plaintiff's last day of employment was September 17, 2018 (*See* Declaration of Stephen Lytle, Health and Wellness Market Human Resources Manager, attached hereto as *Exhibit C*, at Paragraph 2). Accordingly, as of the filing of this Notice of Removal, one week short of a year after Plaintiff's termination, Plaintiff's claim for back pay is $123,141.29, which exceeds the jurisdictional requirement of this Court.

9. This amount does not include Plaintiff's claim for front pay, compensatory damages, punitive damages, and attorney's fees. Because, however, Plaintiff's claim for back pay damages alone is an amount in excess of the $75,000.00 jurisdictional threshold, Defendant will not analyze the remaining damages sought by Plaintiff for purposes of assessing the amount-in-controversy.

10. Thus, although Defendant contends that Plaintiff is not entitled to any damages in this action whatsoever, for removal and diversity jurisdictional purposes only, considering the value of Plaintiff's claim to date for back pay alone, $123,141.29, it has been clearly established by a preponderance of the evidence that the amount in controversy, as of the date of the Notice of Removal exceeds $75,000.00, exclusive of interest and costs. *See Pretka v. Kolter City Plaza II, Inc., supra; see also Wineberger v. Racetrac Petroleum, Inc.,* Fed. Appx. 914 (11th Cir. 2016); and 28 U.S.C. § 1446(c)(2)(B).

Diversity of Citizenship

11.     There is a complete diversity of citizenship between Plaintiff and Defendant. With respect to an action removed from state court to federal court, diversity-of-citizenship jurisdiction exists if there was a diversity of citizenship at the time of the commencement of the state-court action and at the time of removal. *Stevens v. Nichols*, 130 U.S. 230, 231 (1889). "To be a citizen of a state within the meaning of the diversity provision, a natural person must be both a citizen of the United States and a domiciliary of a state." *Las Vistas Villas, S.A. v. Petersen*, 778 F. Supp. 1202, 1204 (M.D. Fla. 1991), *aff'd*, 13 F.3d 409 (11th Cir. 1994). "State citizenship, or 'domicile' for purposes of diversity jurisdiction, is determined by two factors: residence and intention to remain." *Id.* "[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1).

12.     The diversity-of-citizenship requirement is satisfied in this action because diversity of citizenship existed between Plaintiff and Defendant at the time of the commencement of the state-court action and at the time of removal.

13.     At the time this action was commenced, and through and including the time of removal, Plaintiff was a citizen of Florida (*See* Plaintiff's Complaint at Paragraph 5).

14.     Walmart Inc., since the commencement of this action, and through and including the time of this removal, has been a Delaware corporation, with its principal place of business in Bentonville, Arkansas.  (*See* United States, Securities and Exchange Commission, Form 10-K, page 1, attached hereto as *Exhibit D*).  Accordingly, Defendant is a citizen of the states of Delaware and Arkansas for purposes of 28 U.S.C. § 1332(a)(1).

15.     Therefore, removal is appropriate pursuant to 28 U.S.C. § 1441.

WHEREFORE, on the basis of the foregoing, Defendant Walmart Inc. respectfully submits that removal of this action from the Circuit Court of the Fifth Judicial Circuit in and for Marion County, Florida to this Court is proper.

Dated this 9th day of September, 2019.

Respectfully submitted,

s/ Amy R. Turci
Amy R. Turci
Florida Bar No. 0349630
aturci@fordharrison.com
smcquaide@fordharrison.com

FORD**HARRISON**LLP
225 Water Street, Suite 710
Jacksonville, Florida  32203
T (904) 357-2000 | F (904) 357-2001

Attorneys for Defendant,
Walmart Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of Defendant's Notice of Removal was filed with the Clerk of the Court, and electronically served via email upon the following:

        Douglas J. LaPointe, Esquire
        CAMERON, HODGES, COLEMAN,
        LaPOINTE & WRIGHT, P.A.
        111 North Magnolia Avenue, Suite 1350
        Orlando, Florida 32801-2378
        ServiceDJL@cameronhodges.com

        Attorneys for Plaintiff

                          s/ Amy R. Turci
                          Attorney

WSACTIVELLP:10775654.1